Judge Hitchcock
delivered the opinion of the court:
In order to a correct understanding and correct decision of this-case, it is necessary that we should have reference to the manner in which lands in the Connecticut Reserve were originally partitioned or divided among the original proprietors or purchasers'from the State of Connecticut. This tract of country containing three millions of acres was sold by the state of Connecticut to a. company of individuals denominated the Connecticut Land Company, with the exception of five hundred thousand acres, now-constituting the county of Huron. It was conveyed to three in *412 dividuals in trust to be by them conveyed in severalty to the several members of the company in proportion to their respective interests, so soon as the particular lands to which they were entitled, should be ascertained. For the purposes of partition and division, the whole country was surveyed into townships of five miles square. A number of these townships were again subdivided into smaller tracts, and were usually denominated equalizing townships. Where an entire township was not of average value, one of these smaller tracts was classified with it and called an annexation. In the final division the owner of the township owned the annexation; and if there were different proprietors, as was often the case, they owned the same proportion in the annexation as in the township. It seems that tract number 4, in range 19, was classified with or annexed to township number 2, in range 18, and that to this township there were several owners or proprietors. Of course these several proprietors must have owned in tract number 4, in the same proportion that they did in the township.
*In considering the first error assigned, the question which first presents itself for consideration is, whether in proceedings for partition, where there are different tracts of land owned by two or more proprietors, the proportion of one of those proprietors can be set off in one of the tracts thus owned; or whether each one of the proprietors shall be compelled to take a proportion of each and every tract. This question, however, is fully settled by the statute. These proceedings were had under the “ act to provide for the partition of real estate,” passed February 16,1820. Chase’s Stat. 1162. In section 4 of'this act it is provided, that “ when partition of more than one tract is demanded in the petition, the freeholders appointed to make partition shall set off to each of the petitioners his proper proportion in each of the several tracts of which partition is demanded, unless the several tracts, of which partition-is demanded, shall be owned by the same proprietors, and in the same proportions in each tract; in which case the whole share of any proprietor in and to all the several tracts may be set off to such proprietor in any one or more of said tracts, if, in the opinion of said freeholders, such partition will be more advantageous to the proprietors generally than to set off to each proprietor 'his proportion in each of the several tracts.” And this provision of the statute is in accordance with *413 the common law. “If two mesnes descend to two parceners, and one mesne is worth twenty shillings per annum and the other ten shillings per annum, in this case partition may be made between them in this manner, to wit: the one parcener to have the one mesne and the other parcener the other mesne; and she which hath the mesne worth twenty shillings per annum, and her heirs, shall pay a yearly rent of five shillings, issuing out of the same mesne, to the other parcener and her heirs forever, because each should have equality in value.” Lit.'Tenures, 251. It is said, however, that it does not appear affirmatively in this case that the two tracts were both owned by the same proprietors and in the same proportions. True, it does not so appear very explicitly, nor does the contrary appear. We know, however, as a matter of fact, from the manner in which the Connecticut Reserve was partitioned among the original proprietors, that this township and annexation must have been owned originally by the same proprietors and in the same proportions; and the presumption is that the same state of things exists. Further, %e are bound to suppose that the court of common pleas would not have confirmed this partition until satisfied by competent proof that both tracts were owned by the same proprietors and in the same proportions. To justify this court in reversing a judgment of the court of common pleas, it is not sufficient to show that by possibility there may have been an error. The error itself, if, as in this case, an error in law, must be apparent upon the face of the record.
The second error assigned is that there were two writs of partition. This was unnecessary, and is perhaps an irregularity; but still it makes no difference in the final result. The petitioners have obtained their several proportions of land precisely the same, if not in the same manner they would have done had there been but one writ of partition. Besides, admitting that it were erroneous, what injury have the present planitiffs sustained thereby? Are they in any worse situation than they would have been had the same lands been set off under one writ? We do not see that they are. As a general rule, no one can complain of an error in a record or judgment exeept he who has been injured thereby. We do not suppose, however, that in this there is anything erroneous.
The third error assigned is that the sheriff was one of the committee. This assignment is not supported by the record. It does *414 ■appear, however, that Abel Dickinson, one of the freeholders appointed by the court to make partition at the March term, 1824, ■•did, in this particular case, act as deputy sheriff, when the partition was actually made, in March, 1825. There is nothing in the law to prevent a deputy sheriff from being appointed, and even ■acting as one of three freeholders to make partition of real estate. Even should the sheriff himself be one of the number, I should not feel disposed to reverse the proceedings on that account. There would seem, it is true, to be some impropriety in such course of proceedings, as the writ is directed to him. The only duty, however, which he has to perform is to summons or notify the freeholders, see that they are sworn, and make return of the process. The partition itself is made by the freeholders. In this -case the sheriff has returned that he summoned Dickinson him.self, and that he summoned the other freeholders, by Dickinson, his deputy, and the general return is signed Samuel G-. Potter, sheriff, by Abel Dickinson, deputy. In this we see no error.
*Upon a careful examination of the record in this case we have not been able to discover any error, the proceedings and orders of the court of common pleas will therefore be affirmed with costs.